**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PHOSPHORUS FREE WATER
SOLUTIONS, LLC,

        Plaintiff,

        vs.

THOMAS WAITE, an individual, and
FERRATE SOLUTIONS, INC., a
Florida corporation,

        Defendants.

Case No. 6:21-cv-1959-WWB-LRH

**<u>DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY
FOR A MORE DEFINITE STATEMENT AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT</u>**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .......................................................................... ii
TABLE OF AUTHORITIES ................................................................... iii
MEMORANDUM OF LAW ...................................................................... 1
    I.     INTRODUCTION.............................................................................. 1
    II.    ARGUMENT ................................................................................... 2
        A.  Legal Standard ................................................................. 2
        B.  Plaintiff's Trade Secret Claims Are Barred By The Statute Of Limitations ...................................................................... 4
        C.  Plaintiff Has No Standing To Enforce The Employment Agreement Against Defendant Waite.................................. 6
        D.  Plaintiff Has Failed To State A Cause Of Action For Which Relief Can Be Granted As To Its Trade Secret Claims................................. 8
            1.  Plaintiff Failed To Identify The Trade Secrets With Sufficient Particularity And Cannot Survive A Motion To Dismiss ............. 9
            2.  Plaintiff's Alleged Trade Secrets Are Generally Known And Readily Accessible To The Public And Cannot Qualify For Trade Secret Protection .......................................................... 13
            3.  Defendants Owed No Duty To Plaintiff To Maintain The Secrecy Of Any Alleged Trade Secrets ......................................... 15
        E.  Plaintiff's Tortious Inference Claim Is Equally Lacking And Should Be Dismissed For Failure To State A Cause Of Action For Which Relief Can Be Granted ............................................................ 15
            1.  Plaintiff Does Not Allege With Specificity The Existence Of A Business Relationship ................................................................. 16
            2.  Plaintiff Does Not Allege Defendants Had A Specific Intent To Interfere With Plaintiff's Business Relationship ........................ 17
            3.  Defendants Did Not Do Anything "Unjustified" – Defendant Ferrate Solutions Legally Bid On Public Jobs ............................. 18
            4.  Plaintiff Failed To Allege Specific Damages .......................... 18
        F.  Count V Must Be Dismissed As Injunctive Relief Is A Remedy, Not A Cause Of Action ................................................................. 20
        G.  Alternatively, Plaintiff Must Provide A More Definite Statement Of Trade Secrets............................................................... 20
    III.   CONCLUSION ............................................................................... 21
LOCAL RULE 3.01(g) CERTIFICATION ............................................. 22
CERTIFICATE OF SERVICE .............................................................. 22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 985 (Fed. Cir. 2014) ............5

*American Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407 (11th Cir. 1998) (applying Florida law) ...........................................................................9, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................. 2, 3

*Bestechnologies, Inc. v. Trident Envt. Sys., Inc.,* 681 So. 2d 1175 (Fla. 2d DCA 1996) (defining trade secret).......................................................................... 9

*Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.,* 832 So. 2d 810 (Fla. 2d DCA 2002) .............................................................................................18

*Decurtis LLC v. Carnival Corp.*, No. 20-22945-CIV, 2021 WL 1968327 (S.D. Fla. Jan. 6, 2021).................................................................................................11, 12

*Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F.Supp.2d 1322 (S.D.Fla.2001) ....................................................................................................................... 10, 21

*DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844 (11th Cir. 2016) .......... 11

*Edwards v. Prime, Inc.*, 602 F.3d 1276 (11th Cir. 2010) ....................................... 4

*Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So. 2d 812 (Fla. 1994)16, 18, 19

*Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276 (11th Cir. 2007)................. 4

*Hurry Family Revocable Tr. v. Frankel*, 2019 WL 2868945 (M.D. Fla. July 3, 2019)....................................................................................................................12

*Int'l Sales & Serv., Inc. v. Austral Insulated Prod., Inc.*, 262 F.3d 1152 (11th Cir. 2001)....................................................................................................................16

*Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463 (M.D. Fla.), aff'd, 254 F.R.D. 470 (M.D. Fla. 2008)..........................................................................10

*Knights Armament Co. v. Optical Systems Technology, Inc.*, 636 F. Supp. 2d 1283 (M.D. Fla. 2009), aff'd, 654 F.3d 1179 (11th Cir. 2011) .......................................5

*Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc.*, 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla.1979) ...........................16

*Lovell Farms, Inc. v. Levy*, 641 So. 2d 103 (Fla. 3d DCA 1994) ...........................21

*Marx v. Clear Channel Broadcasting, Inc. d/b/a WJNO Radio*, 887 So. 2d 405 (Fla. 4th DCA 2004)...............................................................................................7

*McGriff Ins. Servs., Inc. v. Littlestone*, 2021 WL 4750646, (M.D. Fla. Oct. 12, 2021) ......................................................................................................... 9, 16, 18

*Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1289 (M.D. Fla. 2009), aff'd, 451 F. App'x 862 (11th Cir. 2012) ......................................... 20

*Potucek v. Taylor*, 738 F. Supp. 466 (M.D. Fla. 1990)..........................................14

*Prov Int'l, Inc. v. Rubens Dalle Lucca*, 2019 WL 5578880 (M.D. Fla. Oct. 29, 2019) ....................................................................................................................... 9, 11, 15

*RxStrategies, Inc. v. CVS Pharmacy, Inc.*, 390 F. Supp. 3d 1341 (M.D. Fla. 2019) ....................................................................................................................... 12

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009) ............................... 2

*Southern Alliance Corp. v. Winter Haven*, 505 So.2d 489 (Fla. 2d DCA 1987) ...16

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). ............................................... 4
*Taxinet, Corp. v. Leon*, 2018 WL 3405243 (S.D. Fla. July 12, 2018) ...............11, 12
*Thyssenkrupp Elevator Corporation v. Hubbard*, No. 2:13-cv-202-FTM-29UAM, 2013 WL 3242380 (M.D. Fla. June 25, 2013) ...................................................... 8
*United Subcontractors, Inc. v. Godwin*, No. 11-81329-CV, 2012 WL 8652471 (S.D. Fla. March 9, 2012) ...................................................................................................7
*VVIG, Inc. v. Alvarez*, 2019 WL 5063441 (S.D. Fla. Oct. 9, 2019) ....................... 11

## Statutory Authorities

§ 27:12. Statute of limitations.......................................................................................5
18 U.S.C. § 1836(d) ..................................................................................................2, 4
3 Trade Secrets Law § 27:12 .........................................................................................5
Fla. Stat. § 287.001 ......................................................................................................17
Fla. Stat. § 542.355(1)(f)(2) ......................................................................................... 6
Fla. Stat. § 688.002 .....................................................................................................14
Fla. Stat. § 688.007 ..................................................................................................2, 4

## Other Authorities

55 Fla. Jur 2d Trademarks & Unfair Competition § 49.......................................... 4

## Rules and Regulations

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 2
Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2
Fed. R. Civ. P. 12(e) ................................................................................................4, 21
Fed. R. Civ. P. 8(a)(2) ..............................................................................................2, 3

Defendants, THOMAS WAITE and FERRATE SOLUTIONS, INC., ("Defendants") by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(1) and 12(e) move to dismiss Plaintiff, PHOSPHORUS FREE WATER SOLUTIONS, LLC's ("Plaintiff") Verified Complaint for Injunctive Relief and Damages ("Complaint", Dkt. 1) for failure to state a claim upon which relief may be granted, violation of the statute of limitations and lack of standing, or alternatively, for a more definite statement.

**<u>MEMORANDUM OF LAW</u>**

## I.    INTRODUCTION

Plaintiff's Complaint alleges the Defendants violated the Defend Trade Secrets Act ("DTSA") and the Florida Uniform Trade Secrets Act ("FUTSA"), interfered with Plaintiff's business relationships, and that Defendant Waite has breached an employment agreement with Ferrate Treatment Technologies, LLC ("FTT"), licensor/alleged assignor of Plaintiff. Plaintiff's Complaint should be dismissed as its trade secret claims are barred by the statute of limitations under both DTSA and FUTSA.  Plaintiff's allegations lack sufficient detail and fail to satisfy the basic pleading standards of Fed. R. Civ. P. 8(a), Plaintiff's Complaint should also be dismissed due to its lack of standing to assert its claims against Defendants. Therefore, the Court should dismiss all counts of the Complaint for failure to comply with the relevant statute of limitations, failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and lack of standing pursuant to Fed. R. Civ. P.

12(b)(1). In the alternative, Defendants move for Plaintiff to provide a more definite and meaningful statement and identification as to what Plaintiff is claiming as its alleged "trade secrets" pursuant to Fed. R. Civ. P. 12(e).

## II.   ARGUMENT

### A.   Legal Standard

A cause of action for violation of the DTSA and the FUTSA must be brought no later than three years after the alleged misappropriation "is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d), Fla. Stat. § 688.007. Fed. R. Civ. P. 12(b)(1) requires dismissal of claims for "lack of subject-matter jurisdiction". A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). In a facial attack, […], the court examines whether the complaint has sufficiently alleged subject-matter jurisdiction and construes the complaint in the light most favorable to Plaintiff and accepts all facts alleged in the complaint as true. *Id*. Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require "detailed factual allegations," "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* at 570). Thus, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* at 678. To determine whether a pleading meets the Rule 8(a)(2) standard, the court conducts a two-part analysis.

First, the court should identify and disregard legal and factual conclusions "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court also should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678; see also *Bell Atl. Corp.* at 555 ("formulaic recitation of the elements of a cause of action will not do"). The court only accepts as true all "well-pleaded factual allegations." *Ashcroft* at 678-79.

Second, the court must decide "whether [the well-pleaded facts] plausibly give rise to an entitlement to relief." *Id.* at 679. In determining whether a claim is plausible, the court must distinguish between allegations that are "merely consistent with" liability (in which case, the claim "stops short of" being plausible) and allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp.* at 556). Sufficient facts must be alleged to "nudge[]" "claims across the line from conceivable to plausible" to survive a motion to dismiss. *Bell Atl. Corp.* at 570; see also *Ashcroft* at 678. "Stated differently, the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*

*v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) ("necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory").

Alternatively, under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Where a complaint fails to sufficiently specify the allegations, the defendant's remedy is a more definite statement under Federal Rule 12(e); see also *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

### B.   Plaintiff's Trade Secret Claims Are Barred By The Statute Of Limitations

Under the DTSA, an action must be brought no later than three years after the alleged misappropriation "is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). Similarly, under the FUTSA, "an action for misappropriation must be brought within 3 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Fla. Stat. § 688.007.

"When there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion and justify bringing suit, the limitations period begins to run even though the plaintiff has not conducted such an investigation." 55 Fla. Jur 2d Trademarks & Unfair Competition § 49, citing *Knights Armament Co. v.*

*Optical Systems Technology, Inc.*, 636 F. Supp. 2d 1283 (M.D. Fla. 2009 ("misappropriation of trade secrets claim accrued when reasonable investigation would have produced facts sufficient to confirm suspicion of misappropriation and justify bringing suit").

"To dismiss a complaint at the pleadings stage the complaint itself would need to allege facts showing that the plaintiff discovered, or by the exercise of reasonable diligence should have discovered, that the misappropriation occurred at least three years before the complaint is filed." § 27:12. Statute of limitations, 3 Trade Secrets Law § 27:12, citing *ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 985 (Fed. Cir. 2014).

Here, Plaintiff admits that on November 3, 2018, Defendant Waite emailed Luke Daly ("Daly"), the former CEO and founder of FTT requesting a license for FTT's patents, or alternatively, "a letter of intent to 'simply' not litigate any patent violations that I or mine might generate during our start-up." (Dkt 1, ¶29). Plaintiff also admits that Daly replied to Defendant Waite's email stating that "such a broad license would make Waite a direct competitor to every FTT licensee or sales channel partner worldwide." (Dkt 1, ¶30).

Based on Defendant Waite's email request for a license and Daly's acknowledgment that Waite's action would be actionable, Plaintiff discovered or should have discovered, by the exercise of reasonable diligence, the alleged trade secret misappropriation as early as November 3, 2018. Plaintiff did not file its Complaint until November 19, 2021, which was over three years later. Therefore,

Plaintiff's trade secret claims are barred by the statute of limitations under both 18 U.S.C. § 1836(d) and Fla. Stat. § 688.007 and should be dismissed with prejudice.

### C.   Plaintiff Has No Standing To Enforce The Employment Agreement Against Defendant Waite

Plaintiff seeks injunctive relief and damages allegedly stemming from an Employment Agreement entered into between non-party FTT and Defendant Waite in March 2011. Defendant Waite's employment ended with FTT in September 2014 (Dkt. 1, ¶ 24). Plaintiff alleges FTT assigned clauses 3, 4, 6 and 7 of the Employment Agreement in 2021 to Plaintiff. (Dkt. 1, ¶ 25). The alleged assignment is not an exhibit to the Complaint. Plaintiff now seeks to stand in the shoes of non-party FTT to enforce clauses 3, 4, 6, 7 and 9 of the Employment Agreement against Defendant Waite and alleges violations of those clauses.

Fla. Stat. § 542.355(1)(f)(2), states in pertinent part:

> The court shall not refuse enforcement of a restrictive covenant on the ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided: In the case of an assignee or successor, **the restrictive covenant expressly authorized enforcement by a party's assignee or successor**. (emphasis added)

Section 10 of the Employment Agreement states: "I agree that the Company may assign this agreement, including the provisions regarding restriction on competition, to a third party without notice and without my consent." Defendant Waite never authorized nor consented to the enforcement of any restrictive covenant by FTT's assignee or successor as required by Fla. Stat. § 542.355(1)(f)(2). Therefore, Plaintiff, as assignee, does not have standing to enforce any provision

of the Employment Agreement against Defendant Waite and should be dismissed pursuant to Rule 12(b)(1).

In *Marx v. Clear Channel Broadcasting, Inc. d/b/a WJNO Radio*, 887 So. 2d 405 (Fla. 4th DCA 2004), the court found that a successor owner could not enforce a noncompetition clause where the **employment agreement did not expressly provide that the clause could be enforced by assignees** (emphasis added). Additionally, the court in *United Subcontractors, Inc. v. Godwin*[1], No. 11-81329-CV, 2012 WL 8652471 (S.D. Fla. March 9, 2012), stated "In Florida, a restrictive covenant is enforceable by a third party if 'the restrictive covenant expressly authorize[s] enforcement by a party's assignee or successor."

In the instant case, Plaintiff alleges that Defendant Waite was hired by FTT in March 2011 and his employment terminated in September 2014. Plaintiff thereafter claims FTT assigned clauses 3, 4, 6, 7 and 9 of Defendant Waite's Employment Agreement sometime in 2021, some seven (7) years after Defendant Waite's employment ended with FTT.

Plaintiff has alleged it has standing to sue for breach of Defendant Waite's Employment Agreement via an assignment from FTT in 2021. However, in the Employment Agreement, Defendant Waite did not authorize enforcement by a successor. Plaintiff does not allege it obtained standing via a merger with FTT or

---

[1] In *Godwin*, the assignment included language that it was "binding on" the employee and the court found that language was enough for the assignment to be enforceable. Here, there is absolutely no analogous language related to being "binding on" Defendant Waite or that Defendant Waite expressly authorized enforcement by any third party.

a stock purchase of FTT during Defendant Waite's employment which would provide Plaintiff standing as discussed in *Thyssenkrupp Elevator Corporation v. Hubbard*, No. 2:13-cv-202-FTM-29UAM, 2013 WL 3242380 (M.D. Fla. June 25, 2013). Therefore, Plaintiff does not have standing to sue Defendant Waite for breach of contract. Furthermore, the failure to comply with Fla. Stat. § 542.355(1)(f)(2), is fatal to Plaintiff's standing to sue because no amendment of the Complaint can remedy the fatal flaw, i.e. Plaintiff cannot rewrite the Employment Agreement and obtain Defendant Waite's express authorization of enforcement by a successor.

### D. Plaintiff Has Failed To State A Cause Of Action For Which Relief Can Be Granted As To Its Trade Secret Claims

In addition to Plaintiff's statute of limitations violation and lack of standing to bring suit against Defendant Waite as discussed above, Counts I and II of Plaintiff's Complaint should be dismissed for failing to sufficiently allege facts that state a plausible claim for relief. Plaintiff's Complaint contains merely a "formulaic recitation" of the elements of a trade secret claim and are insufficient to withstand a motion to dismiss. Without clearly identifying the trade secrets that Defendants have allegedly misappropriated, Plaintiff does not allege the requisite elements of a claim for a trade secret violation.

Plaintiff has brought an alleged claim against Defendants under the Defend Trade Secrets Act ("DTSA") and the Florida Uniform Trade Secrets Act ("FUTSA") for alleged misappropriation of trade secrets. "DTSA and FUTSA can be analyzed together." *McGriff Ins. Servs., Inc. v. Littlestone*, 2021 WL 4750646, at *4 (M.D.

Fla. Oct. 12, 2021)(citations omitted). To state a claim under the DTSA, ... a plaintiff must allege facts showing: (1) that the plaintiff possessed a 'trade secret,' (2) that the plaintiff "took reasonable measures" to protect the trade secret, and (3) that the defendant used or disclosed the trade secret despite a duty to maintain secrecy." *Prov Int'l, Inc. v. Rubens Dalle Lucca*, 2019 WL 5578880 at *2 (M.D. Fla. Oct. 29, 2019).

To qualify as a trade secret, the information that the Plaintiff seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy. *American Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir. 1998) (applying Florida law); *Bestechnologies, Inc. v. Trident Envt. Sys., Inc.,* 681 So. 2d 1175, 1176 (Fla. 2d DCA 1996) (defining trade secret). Additionally, if the information in question is generally known or readily accessible to third parties, it cannot qualify for trade secret protection. *American Red Cross* at 1410.

### 1. Plaintiff Failed To Identify The Trade Secrets With Sufficient Particularity And Cannot Survive A Motion To Dismiss

Counts I and II allege that Defendants misappropriated Plaintiff's trade secrets. Neither count should survive because Plaintiff failed to identify the alleged trade secrets with any degree of particularity. Although Plaintiff made allegations that trade secrets were misappropriated, the generic categories mentioned as their "trade secrets" are not enough to comply with the particularity requirements under state and federal law.

"It is axiomatic that a party may not assert a cause of action for misappropriation of trade secrets without identifying for the opposing party the trade secrets at issue. Because [plaintiff] chose to bring a claim for misappropriation of trade secrets, it must identify the trade secrets it contends were wrongfully appropriated." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla.), aff'd, 254 F.R.D. 470 (M.D. Fla. 2008) (court ordered plaintiff to serve a sworn supplemental answer to interrogatory setting forth all trade secrets it contends were misappropriated with reasonable particularly); see also *Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F.Supp.2d 1322, 1324–25 (S.D.Fla.2001). The Knights Armament court defined 'reasonable particularity" by stating: "[I]t is insufficient to describe the trade secrets by generic category, such as the components of the night vision devices to which the alleged trade secrets relate. Rather, [plaintiff] must identify the specific characteristics of each trade secret, such as a particular drawing, process, procedure or cost/pricing data. It must also describe with reasonable particularity all of its trade secrets, including those involving 'business methods, know-how, machines, manufacturing process and procedure, marketing information, pricing data, product designs and manufacturing information, ... [and] supplier and vendor lists' ...". *Knights Armament Co.* at 467.

"The Eleventh Circuit has adopted what is sometimes referred to as the 'sufficient particularity' rule, because - while it does not constitute a high pleading requirement - a claimant must do more than 'identify broad categories of

10

information, such as financial and technical data.'" *Decurtis LLC v. Carnival Corp.*, No. 20-22945-CIV, 2021 WL 1968327, at *5 (S.D. Fla. Jan. 6, 2021), citing *DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 849 (11th Cir. 2016).

Here, Plaintiff's trade secret allegations merely allege the same broad categories of information that the court in *DynCorp* found inadequate. Plaintiff's allegations are too vague because their Complaint fails to "describe the subject matter of the trade secret with sufficient particularity to separate [the trade secret] from matters of general knowledge in the trade[.]" *Decurtis* at *4; see also *ProV Int'l Inc.* at *3.

In *Decurtis,* the plaintiff's trade secret allegations rely on "broad categories of information" such as "software," "prototypes," "hardware," "database structures," "operations procedures" "testing plans," and other categorical descriptions. *Decurtis* at *6. But, the court notes, "all information concerning a product is not a trade secret." *Id.* citing *DynCorp* at 849. The court found that plaintiff's allegations were insufficient because "using a label [] and then following it with categorical descriptions tells [defendant] nothing as to which trade secrets it misappropriated." *Decurtis* at *7 citing *VVIG, Inc. v. Alvarez*, 2019 WL 5063441 at *4 (S.D. Fla. Oct. 9, 2019) ("Couching specific terms within a sweeping definition is insufficient to state a trade secret claim because doing so fails to notify Counter-Defendants which trade secret or secrets they allegedly misappropriated.") (emphasis in original) (citing *Taxinet, Corp. v. Leon*, 2018 WL 3405243, at *3 (S.D. Fla. July 12, 2018)).

11

The court's decision in *Taxinet, Corp.* is consistent with this interpretation. *Decurtis* at *7. "There, the complaint defined the trade secrets as 'confidential business information, processes, techniques, software applications, and business characteristics, including present, future, and proposed services, and business model.'" *Id.* citing *Taxinet, Corp* at *3. "The complaint also described the specific characteristics of the business model, including its 'Taximeter, GPS Navigation System, a Tracking System with panic button, a Payment Gateway for credit cards, and a future booking system.' [ ] Yet, the court dismissed the trade secrets claim because - notwithstanding the finer description of the business model - the complaint did 'not lay out … which of these 'trade secrets' were impermissibly used[.]'" *Decurtis* at *7; see also, *RxStrategies, Inc. v. CVS Pharmacy, Inc.*, 390 F. Supp. 3d 1341, 1352 (M.D. Fla. 2019) (finding that pleadings were adequate when they did more than suggest "the existence of general categories of 'confidential information); see also, *Hurry Family Revocable Tr. v. Frankel*, 2019 WL 2868945, at *3 (M.D. Fla. July 3, 2019) ("District courts in the Eleventh Circuit have generally followed the *DynCorp* decision in holding that a plaintiff sufficiently alleges a misappropriation claim when a complaint identifies trade secrets related to specific clients, competitors, and projects.")

Similar to the holdings in *Dyncorp*, *Decurtis* and *Taxinet, Corp.*, Plaintiff fails to give Defendants any notice of the alleged trade secret violation(s) because there is nothing specifically identified. The Plaintiff's trade secrets allegedly misappropriated are loosely referred to in Plaintiff's Complaint as, "know-how

relating to production, use, and delivery of ferrate and ferrate feedstocks, and further including dry and liquid ferrate feedstocks, stoichiometry, synthesis formulae, and methods; electrochemical, catalytic, and chemical reaction accelerators; reaction kinetics and thermal controls; ferrate production storage, handling, settling, filtering and dosing techniques; dosing requirements at various flow, pressure, temperature and pH ranges; Ferrator and related sensor materials, plans, specification, control programs, infrastructure, and site requirements knowledge; and specific applications and remote monitoring and diagnostic techniques". (Dkt. 1, ¶45).

Plaintiff fails to identify what specific production and methods they are referring to. Rather, Plaintiff describes general categories of information concerning ferrate production, use and delivery, which is not a trade secret pursuant to federal and Florida case law. Plaintiff relies on vague generalities, like stoichiometry, ferrate production and "specific applications," etc. These words describe matters of general knowledge in the trade, which are not sufficiently particular to be considered trade secrets.  For instance, stoichiometry is defined as "the relationship between the relative quantities of substances taking part in a reaction or forming a compound, typically a ratio of whole integers."  Therefore, Plaintiff is alleging that they hold a trade secret to "chemistry".

      **2.**     **Plaintiff's Alleged Trade Secrets Are Generally Known And Readily Accessible To The Public And Cannot Qualify For Trade Secret Protection**

Information that is generally known or readily accessible to third parties cannot qualify for trade secret protection. Fla. Stat. § 688.002, *American Red Cross* at 1410. Products and processes "not protected by patent are within the public domain and may be precisely copied and sold by anyone without recompense to or authorization of the inventor". *Potucek v. Taylor*, 738 F. Supp. 466, 469-70 (M.D. Fla. 1990). Trade secret laws "require that the information is in fact a secret, i.e. not known or readily discernible to the general public, and that the "owner" of the secret take precautions to prevent the disclosure of the secret to the public. *Id*.

There are numerous sources of information which publicly identify the processes which Plaintiff claims are its trade secrets. For example, Plaintiff claims that neither FTT or Plaintiff have published their methods of synthesizing ferrate in journals or elsewhere. (Dkt. 1, ¶ 18). Frankly, they did not have to because contained within Plaintiff's own Patent No. 6,974,562 are an astounding 42 "other publications" which describe methods of synthesizing an oxidant and applications thereof.  Likewise, Plaintiff's allegation that "stoichiometry" is a trade secret is belied by the countless number of publications that discuss stoichiometry.

Plaintiff's alleged trade secret is known or readily discernible to the general public. Therefore, all counts of the Complaint, including but not limited to Counts I and II, that rely solely or primarily on Plaintiff's alleged trade secrets, should be dismissed for failing to state a claim under Rule 12(b)(6).

### 3. Defendants Owed No Duty To Plaintiff To Maintain The Secrecy Of Any Alleged Trade Secrets

To state a claim under the DTSA, ... a plaintiff must allege facts showing: (1) that the plaintiff possessed a 'trade secret,' (2) that the plaintiff "took reasonable measures" to protect the trade secret, and (3) **that the defendant used or disclosed the trade secret despite a duty to maintain secrecy**." *Prov Int'l* at *2 (emphasis added).

The Employment Agreement was entered into between non-party FTT and Defendant Waite in March 2011. Defendant Waite's employment ended with FTT in September 2014 (Dkt. 1, ¶ 24). Defendant Waite owed no duty to Plaintiff under the Employment Agreement, as Plaintiff was not a party and cannot enforce any covenants of that agreement against Defendant Waite, despite the alleged assignment. The Employment Agreement only created rights and obligations between Defendant Waite and FTT. FTT is not the Plaintiff and for the same reasons discussed above (See Section II(C)), Defendant Waite had no duty to Plaintiff to maintain secrecy of any alleged trade secrets.  Therefore, Counts I and II should be dismissed for failing to state a claim under Rule 12(b)(6).

### E. Plaintiff's Tortious Inference Claim Is Equally Lacking And Should Be Dismissed For Failure To State A Cause Of Action For Which Relief Can Be Granted

Plaintiff's tortious inference claims should also be dismissed for failing to state a cause of action. The elements of tortious interference with a business relationship are (1) the existence of a business relationship (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified

interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *McGriff* at *2 citing *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

### 1.   Plaintiff Does Not Allege With Specificity The Existence Of A Business Relationship

"As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *McGriff* at *2 citing *Ethan Allen* at 814 (emphasis added). A plaintiff "may properly bring a cause of action alleging tortious interference with present or prospective customers but no cause of action exists for tortious interference with *a business's relationship to the community at large*." *Ethan Allen* at 814 citing *Southern Alliance Corp. v. Winter Haven*, 505 So.2d 489, 496 (Fla. 2d DCA 1987) (emphasis added). "A mere offer to sell [ ] does not, by itself, give rise to sufficient legal rights to support a claim of intentional interference with a business relationship." *Ethan Allen* at 814 citing *Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc.*, 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla.1979). "A business relationship need not be evidenced by a contract, but it generally requires 'an understanding between the parties [that] would have been completed had the defendant not interfered.'" *Int'l Sales & Serv., Inc. v. Austral Insulated Prod., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) citing *Ethan Allen* at 814.

Here, Plaintiff alleges that Defendants' interfered with their business relationships by soliciting customers or vendors, placing bids on water treatment projects in competition with Plaintiff and by hiring and soliciting to hire FTT's existing or former employees and vendors. (Dkt. 1, ¶72). Plaintiff does not identify a single specific customer or vendor.  Bids on water projects do not rise to the level of a "business relationship," but rather, constitute offers, proposals, or solicitations to engage in a business relationship, which is insufficient here. The open bid process, by definition, cannot satisfy that "in all probability it would have been awarded to Plaintiff" as fair and open competition is a basic tenet of public procurement. Fla. Stat. § 287.001. The Plaintiff does not even allege in its Complaint that, but for Defendant's alleged interference, Plaintiff's bid would have created a business relationship.

By stating the basis of the claim is due to Defendant Ferrate Solutions merely placing bids on water treatment projects, Plaintiff admits its claim fails because, by definition, a business relationship has yet to be formed during the bid process, as mentioned above.  Also, the bid process is open for bid to the public at large. Otherwise, the open bid process would be invalid.

### 2.    Plaintiff Does Not Allege Defendants Had A Specific Intent To Interfere With Plaintiff's Business Relationship

Florida courts have held that the "plaintiff must plead and prove that the defendant manifested a specific intent to interfere with the business relationship. [ ] Thus, even if the defendant is aware of the existing business relationship, the

defendant will not be liable for tortious interference with that relationship unless there is evidence that the defendant intended to procure a breach of the contract." *McGriff* at *2 (quoting *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002)).

Here, Plaintiff does not even allege Defendants had the specific intent to procure a breach of the contract as required by *McGriff Ins*.  Plaintiff's claim is both speculative and conclusory in nature and does not state with any degree of specificity any actual business relationships impacted; rather, Plaintiff is speculating that Defendants' alleged interference affects Plaintiff's success in the industry at large and is intentional. Defendants cannot have knowledge of a business relationship that is nonexistent.

### 3. Defendants Did Not Do Anything "Unjustified" – Defendant Ferrate Solutions Legally Bid On Public Jobs

The third element of a tortious interference claim is "an intentional and unjustified interference with the relationship by the defendant." *McGriff* at *2 citing *Ethan Allen* at 814. Here, Plaintiff does not cite a single specific bid it allegedly lost to Defendant Ferrate Solutions or that any "unjustified" conduct on behalf of Defendant Ferrate Solutions caused Plaintiff to lose a bid that was previously awarded. Defendant Ferrate Solutions simply and legally placed bids on public jobs.

### 4. Plaintiff Failed To Allege Specific Damages

Plaintiff claims that Defendants interfered with Plaintiff's business relationships by placing bids on water treatment projects in competition with Plaintiff, leading to a "loss of business and goodwill" (Dkt. 4, IV(A)(ii)). Plaintiff alleges the devaluation of FTT's IP and loss of sales, loss of cash flow, loss of goodwill, and harm to its relationship with vendors and customers. However, this claim is not sufficient to establish the required element of damages as a result of Defendant Ferrate Solutions' alleged conduct. Plaintiff does not cite a single specific bid it allegedly lost to Defendant Ferrate Solutions or that any "unjustified" conduct on behalf of Defendant Ferrate Solutions caused Plaintiff to lose a bid that was previously awarded.

In *Ethan Allen*, the Florida Supreme Court held that a furniture dealer's relationship with its past customers was *not* one upon which claim for tortious interference with business relationship could be based. (holding plaintiff may not recover, in a tortious interference with a business relationship tort action, damages where the "relationship" is based on *speculation* regarding future sales to past customers). *Ethan Allen* at 815.

Here, Plaintiff has failed to allege any specific bids that were impacted or cancelled due to the actions of Defendant Ferrate Solutions. Apparently, Plaintiff believes any attempt to procure a public bid from one of Plaintiff's prior alleged "customers" constitutes tortious interference with a business relationship. Plaintiff's alleged "damages" are purely speculative and should be disregarded. For these reasons, Plaintiff has failed to state a claim that Defendants' interfered with

Plaintiff's business relationships and Count III of Plaintiff's Complaint should be dismissed.

### F.   Count V Must Be Dismissed As Injunctive Relief Is A Remedy, Not A Cause Of Action

In Count V, Plaintiff appears to seek injunctive relief as a remedy for violations of the Employment Agreement, misappropriation of trade secrets, and tortious interference. While Plaintiff may certainly request injunctive relief as a remedy where appropriate, there must be an underlying claim upon which to base the request. Plaintiff need not include "Injunctive Relief" as a separate independent cause of action. Rather, injunctive relief is more appropriately included as the relief sought as to other counts in its Complaint. Count V cannot stand on its own as it does not state elements of an independent cause of action and must be dismissed. See *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1289 (M.D. Fla. 2009), aff'd, 451 F. App'x 862 (11th Cir. 2012).

### G.   Alternatively, Plaintiff Must Provide A More Definite Statement Of Trade Secrets

Alternatively, in the event that this Court does not dismiss Counts I and II pertaining to alleged trade secrets, Defendants respectfully seeks alternative relief pursuant to Fed. R. Civ. P. 12(e) and request that Plaintiff provide a more definite and meaningful statement and identification as to what Plaintiff is claiming as alleged trade secrets. Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

response." Fed. R. Civ. P. 12(e), *Lovell Farms, Inc. v. Levy*, 641 So. 2d 103, 105 (Fla. 3d DCA 1994) (finding in order to ascertain whether trade secrets exist, the information at issue must be disclosed, and a plaintiff must plead and prove the use of specific trade secrets).

Plaintiff's alleged "trade secrets" are so vague and ambiguous that Defendants cannot reasonably prepare a response. Throughout the Complaint, Plaintiff alleges its trade secrets include, for example, "know-how," "stoichiometry," "formulae", and "methods," among other vague concepts, which amount only to broad and generic descriptions of what their alleged trade secret "may be." See, *Del Monte Fresh Produce Co.* at 1291-93. Defendants are entitled to an Order requiring Plaintiff to describe with particularity what it claims are its trade secrets to allow Defendants to properly prepare a meaningful response and not have to guess as to what Plaintiff seeks to protect. Currently, it is impossible for Defendants to otherwise respond to the Complaint due to the vagueness and ambiguous nature of the claimed "trade secrets".

## III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice because the trade secret claims are barred under the statute of limitations, lack of standing, failure to state a claim upon which relief can be granted, or alternatively, order the Plaintiff to amend its Complaint and provide Defendants a more definite statement of its allegations and for any and all other relief just and proper in the premises.

Dated: December 9, 2021.

*/s/ Mark F. Warzecha*
Mark F. Warzecha, Esq.
Florida Bar No. 0095779
Jessica Page, Esq.
Florida Bar. No. 1025604
**WIDERMAN MALEK, PL**
1990 W. New Haven Avenue, Suite 201
Melbourne, Florida 32904
Telephone:  321-255-2332
Facsimile:  321-255-2351
MFW@USLegalTeam.com
JPage@USLegalTeam.com
Attorneys for Defendants

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY, pursuant to Local Rule 3.01(g), that on December 8, 2021, Attorneys Mark Warzecha and Jessica Page for Defendants conferred telephonically with Attorneys Thomas Bishop and Katherine Roth for Plaintiff. Attorney Bishop stated that he opposes the relief sought herein.

*/s/Mark F. Warzecha*
Mark F. Warzecha, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 9, 2021, I filed a copy of the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system which will electronically notify all counsel or parties of record.

*/s/ Mark F. Warzecha*
Mark F. Warzecha, Esq.